# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **WINSTON GARNER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12-2152 |
| | ) |
| **CITY OF MEMPHIS, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND ORDER TO SHOW CAUSE

Plaintiff Winston Garner ("Garner") brings suit under 42 U.S.C. § 1983 against the City of Memphis (the "City"), the City of Memphis Police Division, and John Does 1-10 (the "Unnamed Officers"), individually and in their official capacity. Before the Court is the City's January 22, 2013 Motion to Dismiss for Failure to State a Claim or, in the alternative, Motion for Summary Judgment. (City's Motion, ECF No. 17); (City's Mem., ECF No. 17-1.) The City has attached a statement of undisputed material facts. (Statement of Undisputed Material Facts, ECF No. 17-2.) Garner responded on February 8, 2013. (Garner's Resp., ECF No. 21); (Garner's Mem., ECF No. 21-1.) Garner has attached a statement of undisputed material facts. (Garner's Statement of Material Facts, ECF No. 21-2.) The City contends that Garner fails to allege a constitutional deprivation

pursuant to a custom or policy. On behalf of its unnamed officers, the City asserts the defense of qualified immunity. For the following reasons, the City's Motion to Dismiss for failure to state a claim is GRANTED IN PART. The Court does not reach the merits of the City's Motion as to Garner's claims against the Unnamed Officers in their individual capacity.

**I. Background**

Unless otherwise stated, the following facts are taken from Garner's Complaint. On February 26, 2011, police in Memphis, Tennessee, detained Garner and questioned him about the attempted murder of a prostitute. (Compl. ¶ 5, ECF No. 1.) Garner's business card was found on the prostitute. (Id. ¶ 6.) Police told Garner he was believed to be a serial killer responsible for killing many Memphis prostitutes. (Id. ¶ 7.) Garner was arrested and detained for nearly two weeks on charges of aggravated robbery of another prostitute, Eva Eldridge ("Eldridge"). (Id. ¶¶ 5, 8); (Aff. of Hall ¶ 3, ECF No. 21-1 ("Mr. Garner was allegedly arrested because of a robbery involving a prostitute named Eva Eldridge.").) Garner alleges that the police did not have probable cause for his arrest. (Compl. ¶ 15.) He alleges that his arrest was based on fabricated information. (Id. ¶¶ 11, 13); (Aff. of Hall ¶ 11.) Garner's family and acquaintances were questioned by police and told that he had HIV and was a serial killer. (Compl. ¶ 9.)

2

**II. Jurisdiction**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Garner's Complaint raises a federal question under 42 U.S.C. § 1983.

**III. Standard of Review**

The City has filed the affidavit of Officer Robert Wilkie ("Wilkie") with a statement of material facts. (Aff. of Wilkie, ECF No. 17-2.) Garner has attached the affidavit of his former attorney, Scott Hall ("Hall"), to his Memorandum in Opposition to the City's Motion. (Aff. of Hall, ECF No. 21-1.) Relying on "matters outside the pleadings" on a motion under Rule 12 of the Federal Rules of Civil Procedure ordinarily converts a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under . . . [Fed. R. Civ. P. 12(b)] . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); Swanigan v. Northwest Airlines, Inc., 718 F. Supp. 2d 917, 922 (W.D. Tenn. 2010) (converting a motion under Rule 12 into one under Rule 56, in part, because a party had filed an affidavit in support). The Sixth Circuit, however, "[has] taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." Armengau v. Cline, 7 F. App'x 336, 344 (6th Cir. 2001). "When affidavits do 'nothing more than verify the

3

complaint,' and when they 'add [] nothing new, but, in effect, reiterate [] the contents of the complaint itself,' they are not truly 'materials . . . outside the pleading.'" Yeary v. Goodwill Indus.-Knoxville, Inc., 107 F.3d 443, 445 (6th Cir. 1997) (citing Song v. City of Elyria, 985 F.2d 840, 842 (6th Cir. 1993)). Because the affidavits of Wilkie and Hall do little more than reiterate the contents of the Complaint, the City's Motion will be treated as one to dismiss for failure to state a claim.

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per

curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Twombly, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

**IV. Analysis**

**A. City of Memphis**[1]

"A municipality [] is liable under § 1983 only when execution of [its] policy or custom . . . inflicts the injury." Smith v. Patterson, 430 F. App'x 438, 440 (6th Cir. 2011)

---

[1] This section applies equally to Garner's claims against the Unnamed Officers in their official capacity. Claims against a government official in his official capacity are not claims against the official, but the government itself. Barachkov v. 41B Dist. Court, 311 F. App'x 863, 867 (6th Cir. 2009) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

(quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)) (internal quotation marks omitted). Garner alleges that Memphis police arrested him without probable cause, fabricated evidence against him, and defamed his good reputation in the course of their investigation into crimes against local prostitutes. (Id. ¶¶ 9, 11, 13, 15); (Aff. of Hall ¶ 11.) Garner does not allege that any of the purported illegal acts were authorized by City custom or policy or that any execution of a City custom or policy inflicted the injury. Garner does not state a § 1983 claim against the City.

### B. City of Memphis Police Division

The City of Memphis Police Division is a department of the City. A police department is not a suable entity. Phebus v. City of Memphis, 340 F. Supp. 2d 874, 878 (W.D. Tenn. 2004) (citing Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)). Garner does not state a § 1983 claim against the City of Memphis Police Division.

### C. John Does 1-10

Garner sues John Does 1-10, unnamed officers of the Memphis Police Division, in their individual capacity. In seeking to dismiss those claims, the City relies on qualified immunity and good faith defenses. The Court need not reach those issues, however, because the Unnamed Officers have not been timely identified. The Sixth Circuit has decided that the service

requirement of Rule 4(m) of the Federal Rules of Civil Procedure applies to the naming of unidentified defendants. Petty v. Cnty. of Franklin, Ohio, 478 F.3d 341, 345 (6th Cir. 2007) ("[Plaintiff] has yet to identify John Does # 1 and # 2, and thus has yet to serve them, clearly in violation of the 120-day window provided by Rule 4(m)."). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Where a plaintiff has not timely identified an unnamed party, and the defendant does not move for dismissal based on improper service, a court should order the plaintiff to show good cause why claims against the unnamed party should not be dismissed. Reynosa v. Schultz, 282 F. App'x 386, 391-93 (6th Cir. 2008) (remanding dismissal of plaintiff's claims because, although John and Jane Doe healthcare providers remained unidentified for more than 120 days, the Court did not order plaintiff to show good cause for delay before dismissing claims).

Garner commenced this action on February 24, 2012. He was required to name and serve the unnamed defendants no later than

June 25, 2012. Fed. R. Civ. P. 4(m). The unnamed defendants remain unidentified. Although Garner apparently deposed several individuals during June, 2013, he has yet to identify any of the unnamed defendants. (Notices to Take Deposition, ECF Nos. 26-29.) Garner has had sufficient opportunity to determine the identities of John Does 1-10. In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, the Court ORDERS Garner to show good cause for his failure to identify parties.

**V.    Conclusion**

For the foregoing reasons, the City's Motion to Dismiss for failure to state a claim is GRANTED as to Garner's claims against the City, the City of Memphis Police Division, and John Does 1-10 in their official capacity. As to his claims against John Does 1-10 in their individual capacity, Garner is ORDERED within fourteen (14) days of this order to show good cause why those claims should not be dismissed.

So ordered this 23d day of July, 2013.

                                      s/ Samuel H. Mays, Jr.
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE