```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| WINSTON GARNER,           ) | |
|                           ) | |
|     Plaintiff,            ) | |
|                           ) | |
| v.                        ) | No. 12-2152 |
|                           ) | |
| CITY OF MEMPHIS, et al., ) | |
|                           ) | |
|     Defendants.           ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND VACATE AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

Before this Court is Plaintiff Winston Garner's ("Garner") July 31, 2013 Motion to Reconsider and Vacate the Court's Order to Dismiss the City of Memphis and to Allow an Amended Complaint to Proceed Against the City of Memphis (Garner's Mot. to Recon. And Vac., ECF No. 35; Garner's Mem. of Law, ECF No. 35-1.) Defendant the City of Memphis (the "City") responded on August 8, 2013.  (Resp., ECF No. 40.)

**I.   Background**

The facts of this case are recited in the Court's July 23, 2013 Order.  (July 23 Order, ECF No. 34.)  On January 22, 2013, the City filed a motion to dismiss for failure to state a claim. (Mot. to Dismiss, ECF No. 17.)  On July 23, 2013, the Court entered an Order granting the City's motion to dismiss Garner's claims against the City, the City of Memphis Police Division,

and John Does 1-10 in their official capacity. (July 23 Order.) The Court ordered Garner to show cause within fourteen (14) days why claims against John Does 1-10 in their individual capacity should not be dismissed. (Id.)

## II. Standard of Review

Garner does not cite authority for his Motion to Reconsider and Vacate. The Federal Rules of Civil Procedure do not contemplate such motions, but the Sixth Circuit has held that a motion to reconsider and vacate may be properly treated as one to alter or amend a judgment under Rule 59(e). Smith v. Hudson, 600 F.2d 60, 62 (6th Cir. 1979); United States v. Jarnigan, No. 3:09-CR-7, 2008 U.S. Dist. LEXIS 101768, at *2 (E.D. Tenn. Dec. 17, 2008).

"A motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Fed. R. Civ. Proc. 59(e). The Sixth Circuit has held that a court may grant a motion to alter or amend a judgment only if there was "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" ACLU of Ky. v. McCreary Cnty., 607 F.3d 439, 450 (6th Cir. 2009) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)). Motions to reconsider judgments "are extraordinary and sparingly granted." Marshall v. Johnson,

2

No. 3:07-CV-171-H, 2007 U.S. Dist. LEXIS 29881, at *4 (W.D. Ky. April 19, 2007).

"Newly discovered evidence" is evidence that was not previously available to the movant. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citation omitted). Evidence that was not "previously available" is evidence the movant did not discover until after the judgment. Gritton v. Disponett, 332 F. App'x 232, 239 (6th Cir. 2009). "A plaintiff cannot use a Rule 59 motion [] to raise arguments which could, and should, have been made before judgment issued." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010) (internal quotation marks omitted).

**III. Analysis**

Garner argues that, based on newly discovered evidence, the Court's dismissal of the City is improper. Garner contends that, at the time of his arrest, the City had in place a written policy that violated his constitutional rights. Garner states that he "had no way to know that the City {} had a written policy in place that violated his Constitutional rights" until "[t]hrough the written discovery process . . . and the deposition process, the policy was discovered." (Garner's Mot. to Recon. and Vac., ECF No. 35 at 1; Garner's Mem. of Law, ECF 35-1 at 2.)

3

Garner discovered the policy the week of June 10, 2013, when the City responded to Garner's interrogatories and requests for production of documents, and Garner deposed four City police officers. (Notice of Disc. Resp., ECF No. 26; Notice to Take Depos. of Officer Stark, ECF No. 27; Notice to Take Depos. of Officer Wilkie, ECF No. 28; Notice to Take Depos. of Officer Scoggins, ECF No. 29). The newly discovered evidence was in fact discovered before the judgment equivalent in this case, the July 23 Order. A motion to amend the complaint "could, and should, have been made before judgment issued" five weeks after discovery. See Leisure Caviar, 616 F.3d at 616) (internal quotation marks omitted). Garner did not seek to amend his complaint before the July 23 Order.

Garner fails to address the Court's July 23 Order to show cause why claims against John Does 1-10 in their individual capacity should not be dismissed. (July 23 Order, ECF No. 34.) Garner's time to show cause expired on August 6, 2013. (July 23 Order.) Garner offers no explanation why John Does 1-10 were not timely named and the time to explain has passed.

**IV. Conclusion**

For the foregoing reasons, the Motion to Reconsider and Vacate the Court's Order to Dismiss the City of Memphis and to Allow an Amended Complaint to Proceed Against the City of Memphis is DENIED. The City's Motion to Dismiss for failure to

4

state a claim is GRANTED as to Garner's claims against John Does 1-10 in their individual capacity.

So ordered this 23rd day of September, 2013.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
